FILED

SEP 2 4 2012

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHRISTIAN AGUILAR, | Case No. CV 11-4218-MMM (MLG) |
| Petitioner, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| MICHAEL MCDONALD, WARDEN, | |
| Respondent. | |

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner. Because jurists of reason would not find it debatable whether this Court was correct in its ruling denying the petition, a COA is denied.

Before a petitioner may appeal the Court's decision denying his petition, a COA must issue.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App.P. 22(b).

1

1    The court determines whether to issue or deny a COA pursuant to
2    standards established in *Miller-El v. Cockrell*, 537 U.S. 322 (2003);
3    *Slack v. McDaniel*, 529 U.S. 473 (2000); and 28 U.S.C. § 2253(c). A COA
4    may be issued only where there has been a "substantial showing of
5    denial of a constitutional right." 28 U.S.C. § 2253 (c)(2); *Miller-El*,
6    537 U.S. at 330. As part of that analysis, the Court must determine
7    whether "reasonable jurists would find the district court's assessment
8    of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at
9    484, *See also Miller-El*, 537 U.S. at  338.

10    In *Silva v. Woodford*, 279 F.3d 825, 832-33 (9th Cir. 2002), the
11    court noted that this amounts to a "modest standard". (Quoting
12    *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)).  Indeed,
13    the standard for granting a COA has been characterized as "relatively
14    low". *Beardlee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004).  A COA
15    should issue when the claims presented are "adequate to deserve
16    encouragement to proceed further."    *Slack*, 529 U.S. at 483-84,
17    (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)); *see also*
18    *Silva*, 279 F.3d at 833.  If reasonable jurists could "debate" whether
19    the petition could be resolved in a different manner, then the COA
20    should issue. *Miller-El*, 537 U.S. at 330.

21    Under this standard of review, a COA will be denied. In denying
22    the petition for writ of habeas corpus, the Court concluded, for the
23    reasons stated in the Magistrate Judge's Report and Recommendation,
24    that Petitioner's claims of evidentiary error, insufficiency of the
25    evidence, and prosecutorial misconduct did not entitle him to relief,
26    because he had failed to show that the state court decision was
27    contrary to, or involved an unreasonable application of, clearly
28    established federal law or Supreme Court precedent. *Harrington v.*

1 *Richter*, --- U.S. ---, 131 S.Ct. 770, 783-84 (2011). Petitioner cannot

2 make a colorable claim that jurists of reason would find debatable or

3 wrong the decision denying the petition. Thus, Petitioner is not

4 entitled to a COA.

5      Therefore, pursuant to 28 U.S.C. § 2253, the Court DENIES a

6 certificate of appealability.

7 Dated: September 23, 2012

8

9                                    _Margaret M. Morrow_

10                                   Margaret M. Morrow
                                     United States District Judge

11

12 Presented By:

13

14    MARC L. GOLDMAN

15 _____
   Marc L. Goldman
16 United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

                                       3